# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DARYL LENARD GERMAN,**
**DOC # 658775,**

    **Plaintiff,**

vs.                                                                  Case No. 4:23cv516-AW-MAF

**JUSTICE HARDING,**
**GOVERNOR RON DESANTIS,**
**ASHLEY MOODY, and RICKY DIXON,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has paid the initial filing fee, ECF No. 18, assessed when his in forma pauperis motion was granted in early January 2024. ECF No. 7. Plaintiff had, however, been permitted to proceed without the initial fee, ECF No. 9. At any rate, Plaintiff is advised that payment of the assessed initial partial filing fee has been received.

    Additionally, Plaintiff has filed a second amended complaint, ECF No. 19, a second notice of a change of address, ECF No. 20, and a second motion for the appointment of counsel, ECF No. 21. The second amended

complaint [hereinafter "complaint"] has been reviewed as required by 28 U.S.C. § 1915A to determine whether Plaintiff's motion for counsel should be granted and whether the complaint is sufficient for service. The determination as to both of those issues is no.

The claims raised by Plaintiff are that his rights to Double Jeopardy have been violated by the actions of Defendants Harding, DeSantis, Moody, and Dixon. ECF No. 19 at 14. The short version of Plaintiff's complaint is that he is wrongfully being "punished twice for the 'same offense." *Id.* at 7. He was involved in a "1992 criminal episode in which a person was killed by one of [Plaintiff's] other two co-defendants during the commission of a robbery for drugs gone bad." *Id.* at 9. Plaintiff appears to have been initially charged with "first degree felony murder and armed robbery. *Id.* In 1995, Plaintiff was convicted of the lesser included charge of "second degree murder," and also armed robbery. *Id.* He was "sentenced to concurrent life sentences on each." *Id.* However, Plaintiff contends that the Double Jeopardy clause precludes "multiple convictions and sentences in a felony murder for all lesser offenses the statutory elements of which are subsumed by the greater murder offense." *Id.* at 10. Put simply, Plaintiff claims he was wrongfully convicted of both murder and

robbery, *id.* at 11, and he argues that the armed robbery charge was declared invalid by the legislature. *Id.* at 8.

In addition, Plaintiff claims that he was re-sentenced in June 2017. ECF No. 19 at 12. His life sentence was reduced to a 40-year term on the second degree murder offense, but the life sentence on the armed robbery conviction is still valid. *Id.* Thus, Plaintiff claims that the life sentence precludes him from earning gain time. *Id.*

Notwithstanding problems in this case with the statute of limitations, insufficient allegations as to each of the four named Defendants, and the doctrine of absolute judicial immunity which is applicable to Plaintiff's claim against former Justice Harding, there is more fatal issue. Plaintiff's requested relief is to cease enforcement of Florida § 775.021(4)(b)(3), issue an injunction to require the Florida legislature to alter the statute, and to obtain $1,000.00 per day based on enforcement of the statute after his re-sentencing which has precluded him from earning gain time which would reduce his 40-year sentence. ECF No. 19 at 14-15. Put simply, Plaintiff wants monetary damages for his unlawful sentence. Such claims are barred by the rule of Heck v Humphrey.

In <u>Heck</u>, the United States Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." <u>Heck</u>, 512 U.S. at 487, 114 S. Ct. at 2372. Success for Plaintiff in this case would necessarily involve a finding that Plaintiff was wrongfully convicted of two offenses instead of one, and that his sentences are unlawful. Therefore, his claims are not cognizable in this § 1983 case.

Furthermore, there is another reason this case cannot proceed. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S.Ct.

1827, 36 L.Ed.2d 439 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481, 114 S. Ct. at 2369.

Plaintiff is attempting to obtain gain time which would provide speedier release from his incarceration. A civil rights case cannot be used to obtain that relief. Instead, a civil rights case is appropriately used to challenge the conditions of his confinement. *See* Porter v. Nussle, 122 S.Ct. 983, 989, 122 S. Ct. 983, 990, 152 L. Ed. 2d 12 (2002). Because that is not Plaintiff's intent, this action should be dismissed. Plaintiff cannot challenge either his criminal conviction or sentence in this case.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 19, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all pending motions be **DENIED**, and the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**